# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION FILE
                                      NO. 4:14-CR-25-HLM

MICHAEL MANSFIELD,

   Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Suppress Statements [15] and on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [23].

## 1.   Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district

court "shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of

AO 72A

course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

### A.   Procedural Background

On May 29, 2014, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant, alleging that Defendant knowingly possessed a computer containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C §§ 2252(a)(4)(B) and 2252(b)(2). (See generally Indictment (Docket Entry No. 3).)

3

On July 10, 2014, Defendant filed a Motion to Suppress Statements. (Docket Entry No. 15.) On August 13, 2014, Judge Johnson held a hearing on Defendant's Motion. (Docket Entry No. 18.) Defendant filed a Post-Hearing Brief in Support of Motion to Suppress Statements on September 12, 2014. (Docket Entry No. 20.) On November 11, 2014, the Government filed a response. (Docket Entry No. 22.)

On November 14, 2014, Judge Johnson issued a Non-Final Report and Recommendation, recommending that Defendant's Motion be denied. (Docket Entry No. 23.) Defendant has not filed objections, and the allotted time for filing objections has elapsed. (See generally Docket.) The Court consequently finds that the matter is ripe for resolution.

4

## B.   Factual Background

The Court has reviewed the record and concludes that Judge Johnson accurately and completely summarized the factual background for the Motion to Suppress Statements. (Non-Final Report & Recommendation (Docket Entry No. 23) at 2-6.)  The Court incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein.

## III.   Discussion

The Court concludes that Judge Johnson correctly set forth the relevant Fifth Amendment law.  (Non-Final Report and Recommendation at 7-8.) Furthermore, Judge Johnson correctly concluded that there was no Fifth Amendment violation because there was no custodial interrogation,

5

relying on the Supreme Court's decision in <u>Edwards v. Arizona</u>, 451 U.S. 477, 486 (1981).  (<u>Id.</u>)

The Court also approves Judge Johnson's description of the Sixth Amendment right to counsel.  Judge Johnson stated that "[t]he Supreme Court has 'pegged commencement [of the right to counsel] to the initiation of adversary judicial criminal proceedings-whether by way of formal charge, preliminary hearing, information, or arraignment.'" (Non-Final Report and Recommendation at 9 (second alteration in original) (internal quotation marks and citation omitted).)   Judge Johnson further stated that the Sixth Amendment right to counsel is offense specific, citing <u>United States v. U.S. Infrastructure, Inc.</u>, 576 F.3d 1195, 1216 (11th Cir. 2009).  (<u>Id.</u> at 9-10; <u>see also</u> <u>Gore v.</u>

6

Sec'y for Dep't of Corr., 492 F.3d 1273, 1303 (11th Cir. 2007) ("[T]he Sixth Amendment right to counsel is offense-specific.").) Judge Johnson correctly applied that law to the facts of this case, finding that Defendant had a right to counsel at the time of the interview relevant to this Motion, but that Mr. Sparks, at the time, only represented Defendant in the other investigation and not on this charge. (Non-Final Report and Recommendation at 9-10.)

The question then becomes whether Defendant waived his right to counsel. As Judge Johnson stated, "'the Sixth Amendment right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent.'" (Non-Final Report and Recommendation at 10 (quoting Montejo v. Louisiana, 556 U.S. 778, 786

AO 72A

(2009)).)  Generally, a <u>Miranda</u> warning is sufficient for a Sixth Amendment waiver to be "knowing and intelligent." <u>See</u> <u>generally</u> <u>Patterson v. Illinois</u>, 487 U.S. 285 (1988). Judge Johnson accurately stated, however, that the Supreme Court in <u>Patterson</u> specifically set aside the question of whether a defendant must additionally be informed of an indictment to make the waiver knowing and intelligent and that the Eleventh Circuit has never addressed the question.   (Non-Final Report and Recommendation at 12.)  Most Circuit Courts of Appeals that have addressed the issue have held that the accused need not be told that he has been indicted before making a post-indictment waiver of counsel.  (<u>Id.</u> at 13 (citing <u>United States v. Chadwick</u>, 999 F.2d 1282, 1284 (8th Cir. 1993)).)

8

Judge Johnson, quoting <u>Chadwick</u>, set forth "'several reasons why <u>Miranda</u> warnings suffice to advise a defendant of his Sixth Amendment rights,'" including: (1) they inform the accused that the accused has a right to have an attorney present, (2) they warn the accused of the consequences, i.e., that any statement he makes can be used against him, (3) <u>Miranda</u> warnings suggest that having an attorney could benefit the accused, and (4) it may not even be desirable for law enforcement to tell an accused of an indictment.  (<u>Id.</u> at 14-15 (citing <u>Chadwick</u>, 999 F.2d at 1285-86).)   In this case, the government properly administered <u>Miranda</u> warnings to Defendant who afterwards still agreed to speak with the agents.  Judge Johnson concluded that Defendant had voluntarily,

9

knowingly, and intelligently waived his Sixth Amendment right to counsel. (Id. at 16.)

Based on the foregoing reasoning, the Court finds that Judge Johnson correctly applied the relevant Sixth Amendment case law to Defendant and that Defendant waived his Sixth Amendment right to counsel. The Court therefore adopts the Non-Final Report and Recommendation and denies Defendant's Motion to Suppress Statements.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Johnson [23] and **DENIES** Defendant's Motion to Suppress Statements [15].

10

IT IS SO ORDERED, this the ___ day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

11